

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 5, 1974

The Honorable Emory C. Walton
Criminal District Attorney
P. O. Box 527
Eastland, Texas 76448

Opinion No. H- 320

Re: Prosecution of minors
for possession of an
alcoholic beverage

Dear Mr. Walton:

You have asked two questions concerning the prosecution of minors and have supplied the following facts:

"On October 16, 1973, a 16-year-old male went into a liquor store and purchased beer and wine for, and at the request of, four other minor boys and girls, ranging from 12 to 15 years of age. After the purchase by the 16-year-old boy, the adult operator of the liquor store delivered the purchased beer and wine to the car containing the four minors (ages 12 to 15 years); then, the 16-year-old boy got into his car and left and the four other minors left in their car with the beer and wine, after which the four minors were immediately apprehended. The 16-year-old male did not misrepresent his age as being 18, but simply said that he had no identification to prove his age to the liquor store operator. The adult operator of the liquor store was filed upon and entered a 'guilty' plea to making alcoholic beverages available to the said four minor male and female children. No charges have been filed against the five minors, and the matter is pending."

Your questions are:

"1.     Whether or not the four minor children (one girl, age 12, one girl, age 14, and two boys, age 15) can

be prosecuted for the alleged one-time offense
of 'Minor in Possession of Alcoholic Beverage'?

"2.  Whether or not the 16-year-old boy can be pro-
secuted for the alleged one-time offense of 'Making
Alcoholic Beverage Available to Minors'?"

The relevant statute is Article 666-17, §14(a) and (b), Vernon's Texas
Penal Auxiliary Laws [codified at the time of the alleged offense as Article
666-17, §14(a) and (b), Vernon's Texas Penal Code] which provides:

"(14)(a)It shall be unlawful for any person under
the age of twenty-one (21) years to purchase any alcoholic
beverage, . . . . It shall further be unlawful for any
person under the age of twenty-one (21) years to possess,
. . . or to consume any alcoholic beverage. . . .

"(b) It shall be unlawful to purchase an alcoholic
beverage for or give, or knowingly make available, an
alcoholic beverage to a person under the age of twenty-
one (21) years. . . ."

Article 5923b, Vernon's Texas Civil Statutes, has the effect of substi-
tuting eighteen years of age for the article's references to twenty-one years
of age.  Violation is punishable by fine only.  Attorney General Opinion H-82
(1973).

At the time of the alleged offense, criminal prosecutions of young per-
sons were governed by Acts 1973, 63rd Leg., ch 544, p. 1484, §2 (formerly
Article 30, Vernon's Texas Penal Code, and now found in substance at §8.07,
Vernon's Texas Penal Code).  That statute provided in part:

"(a) A person may not be prosecuted for or convicted
for any offense that he committed when younger than 15
years of age, except:

"(1) perjury, when it appears by proof that he had
sufficient discretion to understand the nature and
obligation of an oath;

"(2) a violation of a penal statute cognizable
under Chapter 302, Acts of the 55th Legis-
lature, Regular Session, 1957, as amended
(Article 802e, Vernon's Texas Penal Code);or

"(3) a violation of a motor vehicle traffic ordi-
nance of an incorporated city or town in this
state.

"(b) Unless the juvenile court waives jurisdic-
tion and certifies the individual for criminal prosecution,
a person may not be prosecuted for or convicted of any
offense committed before reaching 17 years of age,
except:

"(1) perjury, when it appears by proof that he
had sufficient discretion to understand the nature
and obligation of an oath;

"(2) a violation of a penal statute cognizable
under Chapter 302, Acts of the 55th Legislature,
Regular Session, 1957, as amended (Article 802e,
Vernon's Texas Penal Code); or

"(3) a violation of a motor vehicle traffic ordinance
of an incorporated city or town in this state. . . ."

Section 51.04, Vernon's Texas Family Code, provides that the juvenile
court has exclusive original jurisdiction over proceedings under Title 3 of the
Family Code. Section (a) of Article 53.01, which is a part of Title 3, provides
that:

"(a) On referral of a child or a child's case to the
office or official designated by the juvenile court, the
intake officer, probation officer, or other person autho-
rized by the court shall conduct a preliminary investigation
to determine whether:. . . .

"(2) there is probable cause to believe the child engaged in delinquent conduct or conduct indicating a need for supervision. . . ."

Section (b) provides that if "there is no probable cause. . . the child shall immediately be released and proceedings terminated." Section 51.03 of Title 3 of the Family Code defines delinquent conduct and conduct indicating a need for supervision as follows:

"(a) Delinquent conduct is conduct, other than a traffic offense, that violates:

"(1) a penal law of this state punishable by imprisonment or by confinement in jail; or

"(2) a reasonable and lawful order of a juvenile court entered under Section 54.04 or 54.05 of this code; except that a violation of a reasonable and lawful order of a juvenile court entered pursuant to a determination that the child engaged in conduct indicating a need for supervision as defined in Section 51.03(b)(2) or 51.03(b)(3) of this code does not constitute delinquent conduct.

"(b) Conduct indicating a need for supervision is:

"(1) conduct, other than a traffic offense, that on three or more occasions violates either of the following:

"(A) the penal laws of this state of the grade of misdemeanor that are punishable by fine only; or

"(B) the penal ordinances of any political subdivision of this state;

"(2) conduct which violates the compulsory school attendance laws;

"(3) the voluntary absence of a child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return; or

"(4) the violation of an order of a juvenile court entered under Section 54.04 or 54.05 of this code pursuant to a determination that the child engaged in conduct which violates the compulsory school attendance laws or the voluntary absence of the child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return."

None of these are applicable to the facts set forth in your opinion request and in view of these statutory limitations and definitions, we do not believe that Title 3 of the Family Code is applicable to one-time violations of Article 666-17(14).

Although the details of the statutes have changed, the basic statutory scheme has not, and three Attorney General Opinions have discussed the relationship among these three acts. [Article 666-17(14), V. T. P. C., (now V. T. P. A. L.), Acts 1973, 63rd Leg., ch. 544, p. 1484, § 2 (formerly Article 30, V. T. P. C., and now § 8.07, V. T. P. C.) and Title 3 of the Family Code, esp. §§ 51.03 and 51.04 (formerly Article 2338-1, V. T. C. S.)]. Attorney General Opinion WW-1171 (1961) concluded that Article 666-17(14) was "a special exception to the general proposition that children cannot be convicted of a criminal offense." The opinion did not consider the former Article 30 of the Penal Code. Attorney General Opinion M-163 (1967) held that Article 30 precluded conviction of children under the age of fifteen years. Attorney General Opinion M-327 (1968) involved offenses under Article 666-17 (14) committed by persons fifteen years of age or older but younger than the age normally establishing adult responsibility. The opinion concluded that

such one-time offenders are "not within the jurisdiction of the juvenile court and may be prosecuted for such violation in an appropriate criminal court having jurisdiction of such offense," and that in such cases the provision requiring a transfer from criminal courts to the juvenile court (now Family Code, § 51.08) would not apply.

We have seen nothing in the action of subsequent legislatures to indicate a change from the interpretation of the statutes advanced by these opinions. When the Legislature does not amend a statute to alter a consistent construction given it by the Attorney General, that construction is entitled to great weight. San Antonio Union Junior College District v. Daniel, 206 S. W. 2d 995 (Tex. 1947).

Therefore, it is our opinion that, under the facts you describe, the persons under the age of fifteen years are not subject to criminal prosecution or to juvenile proceedings and that those persons fifteen years of age and above are subject to prosecution in the appropriate criminal court.

## SUMMARY

One-time violators of Article 666-17(14)(a) and (b), V. T. P. A. L., which prohibits possession or consumption of alcoholic beverages by a minor or furnishing alcoholic beverages to a minor, are not subject to criminal prosecution or to juvenile proceedings if they are under fifteen years of age. They are liable to criminal prosecution if they are fifteen years of age or older. A one-time offender of Article 666-17(14)(a) or (b) is not subject to juvenile proceedings.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee